ROBERT SIBILIA S.B.N. 126979
Oceanside Law Center
P.O. Box 861
Oceanside, CA 92049
Tel: (760) 666-1151
Fax: (818) 698-0300
Email: robert@oceansidelawcenter.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERICA COLE CATTENHEAD, individually, and on behalf of all other similarly situated consumers,<br><br>Plaintiff,<br>vs.<br><br>TRUEACCORD CORP.<br>Defendant. | **Case No.:2:25-cv-10680**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C §1692 *et seq.***<br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA CIVIL CODE §§ 1788.17** |

Plaintiff, Erica Cole Cattenhead ("Plaintiff"), hereby alleges:

## INTRODUCTION

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 USC § 1692 (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* (hereinafter "the Rosenthal Act" or "RFDCPA").

## PARTIES

2. Plaintiff is a natural person, who at all relevant times has resided in Los Angeles, California.

3. Defendant TrueAccord Corp. ("TrueAccord" or "Defendant") is a corporation that regularly does business in California with its principal place of business located at 16011 College Blvd, Suite 130, Lenexa, Kansas 66219, and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

4. On a date better known to Defendant, Plaintiff Cole Cattenhead allegedly incurred a debt.
5. The debt allegedly incurred was for personal, familial, and household purposes.
6. Defendant has made several attempts to collect the alleged debt by sending Plaintiff emails.
7. Within those emails, Defendant advised Plaintiff that if she did not want to receive further communications about the debt, she could unsubscribe.
8. On or around October 2024, Plaintiff unsubscribed from the emails in order to stop receiving communication concerning the alleged debt.
9. Nonetheless, Defendant continued sending her emails in order to collect the alleged debt.

## CLASS ACTION ALLEGATIONS

### The Class

10. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated who have opted out of receiving emails from Defendant, yet continued to get emails to attempt to collect a debt which, as alleged herein, are in violation of the FDCPA.
11. Plaintiff seeks certification of the following class, initially defined as follows:

**National Class:** All consumers with a mailing address in the United States that were sent collection emails from Defendant concerning debts used primarily for personal, household, or family purposes within one year prior to the filing of this suit, after the consumer unsubscribed to receiving further communication.

**California Class:** All consumers with a mailing address in the State of California that were sent collection emails from Defendant concerning debts used primarily for personal, household, or family purposes within one year prior to the filing of this suit, after the consumer unsubscribed to receiving further communication.

12. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

**Numerosity**

13. Upon information and belief, Defendant has continued to email consumers who have unsubscribed from receiving emails to hundreds of consumers, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

14. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

**Common Questions of Law and Fact**

15. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

**Typicality**

16. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

**Protecting the Interests of the Class Members**

17. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

18. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

**Proceeding Via Class Action is Superior and Advisable**

19. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

20. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

21. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

22. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said messages violate 15 U.S.C. § 1692c(c) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

23. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

24. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

25. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also

will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

26. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

27. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692 *et seq***

28. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

29. Defendant's actions are in violation of 15 U.S.C. § 1692c.

WHEREFORE, Plaintiff seeks actual damages, statutory damages, costs, interest, attorney's fees, and such other and further relief as may be just and proper.

**COUNT II**
**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT,**
**CALIFORNIA CIVIL CODE §§ 1788.17**

30. Plaintiff repeats, re-alleges, and reincorporates the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

31. The Rosenthal Act, California Civil Code § 1788.17, requires every creditor (Defendant) attempting to collect a consumer debt to comply with the provisions of "Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code."
32. Defendant Resurgent's collection attempts violate 15 U.S.C. § 1692c, and thereby also violate the Rosenthal Act, California Civil Code §§ 1788.17, as well as any other applicable provisions.
33. Resurgent's actions were knowing and willful.
34. As a result of Resurgent's wrongful collection practices, Plaintiff has been damaged and is entitled to relief.

WHEREFORE, Plaintiff, Erica Cole Cattenhead respectfully requests that the Court do the following for the benefit of Plaintiff:

A. Enter an Order declaring Defendant's actions, as described above, in violation of the FDCPA and the Rosenthal Act;
B. Enter an Order for Injunctive Relief preventing Defendant from continuing to attempt to collect debts from consumer debtors, after they have unsubscribed from receiving emails;
C. Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;
D. Enter a judgment against Defendant for actual and statutory damages;
E. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and
F. Grant such other and further relief as may be just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Dated this 06th day of November 2025

Respectfully Submitted,

/s/ *Robert Sibilia*______

ROBERT SIBILIA S.B.N. 126979
Oceanside Law Center
P.O. Box 861
Oceanside, CA 92049
Tel: (760) 666-1151
Fax: (818) 698-0300
Email: robert@oceansidelawcenter.com
Attorney for Plaintiff Erica Cole Cattenhead